# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                                     CHAPTER 13 CASE NO.:

**STANLEY McAULEY AND**
**DELORIS JONES**                                                                          **19-12200-JDW**

## OBJECTION TO CONFIRMATION OF FIRST AMENDED PLAN

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after conducting the Section 341(a) Meeting of Creditors, reviewing the Petition, Schedules, and Statement of Financial Affairs, and files this Objection to Confirmation of First Amended Plan (the "Objection"), and in support thereof states as follows:

1. The Debtors commenced this proceeding by filing a Voluntary Petition on May 28, 2019 (the "Petition Date"). The Debtors filed a proposed First Amended Chapter 13 Plan (Dkt. #22) (the "Plan") on August 27, 2019.

2. The Debtors are above median income and the proposed term of the Plan is sixty (60) months. The Plan provides for a *pro rata* distribution of $58,148.00 to nonpriority unsecured creditors.

3. The Debtors' Amended Schedules fail to disclose all assets and liabilities as required by 11 U.S.C. § 521(a)(1)(B)(i); therefore, the requirement of §1325(a)(1) is not met. Specifically, the Debtors failed to disclose their interest in a 1994 Ford F15, a 2000 Volkswagen, and a 1992 GMC Sierra.

4. The Plan fails to comply with 11 U.S.C. §§ 1325(a)(1) and 1325(a)(3). The Plan has not been proposed in good faith because the Debtors have failed to provide for the treatment of the secured claims of Republic Finance (Claim #15-1) and Fidelity National Loans (Claim #10-

1

1). The form plan approved by this Court provides that, "[t]he treatment of ALL secured and priority debts must be provided for in this plan."

5.     The Plan fails to comply with 11 U.S.C. §§ 1325(a)(9) and 1308. The Debtors have failed to file their Federal tax return(s) for 2016 according to the Proof of Claim filed by the Internal Revenue Service (Claim #5-3).

6.     The Debtors should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

7.     For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which Trustee and this bankruptcy estate may be entitled.

Dated: August 29, 2019.

Respectfully submitted,

**LOCKE D. BARKLEY**
**CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, Miss. 39211
(601) 355-6661
mvardaman@barkley13.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: August 29, 2019.

                                      /s/ Melanie T. Vardaman
                                      MELANIE T. VARDAMAN